IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**DISCOUNT POWER, INC.**<br><br>*Defendant.* | Case No.<br>2:25-cv-2955<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 15, 2025, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

Plaintiff's Statement This case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, and concerns whether Defendant Discount Power, Inc. violated the TCPA by placing multiple telemarketing calls to Plaintiff and members of the proposed National Do Not Call ("DNC") Class and Internal DNC Class without their prior express invitation or permission, despite their numbers being registered on the National DNC Registry and/or after specific do-not-call requests were made. The core factual dispute concerns the origin, nature, and facts of the calls at issue, including classwide calling records. Defendant may contend that it obtained consent to place such calls. Plaintiff denies giving any such consent and has never been a customer of Discount Power. A further central issue is whether Defendant maintained and implemented the written policies, training, and

1

internal do-not-call procedures required by law, and whether it honored specific do-not-call requests. Plaintiff's claims are supported by call records and testimony that he received multiple telemarketing calls in May and June 2025 from telephone numbers used to sell Discount Power's services, including calls after explicit do-not-call requests were made. Several calls were transferred to third-party verifiers, including TPV360, and the Plaintiff received confirmation of the same attempted sign ups via postal mail.

The primary and threshold issues on which discovery will be needed will center on classwide call records identifying all calls made selling Defendant's goods and services during the relevant period, in a machine-readable format suitable for expert analysis. Ancillary evidence will include TCPA compliance policies and training materials in effect during the relevant period, internal do-not-call list data and documentation showing how Defendant processed opt-out requests, TPV recordings and related transaction records, and evidence relating to claimed consent, if any, including lead sources and consent documentation. Plaintiff intends to file a motion for class certification at the close of discovery.

Defendant's Position: Defendant denies the material allegations of Plaintiff's Complaint. To the extent there is any merit to Plaintiff's allegations, any such calls would have been made by a rogue dialer without any authority, control and/or ratification by Discount Power. Discount Power denies that any such calls were made by any agents of Discount Power and denies all vicarious liability. Discount Power intends to conduct discovery regarding Plaintiff, Plaintiff's adequacy as a class representative, the owner/user of the subject telephone number, and class certification requirements.

2. **Initial and Informal Disclosures**

The parties will exchange initial disclosures on August 18, 2025. The parties have also agreed to informally exchange call record information with specific respect to the Plaintiff's calls.

3. **Formal Discovery**

The parties request 240 days for discovery, as this is a putative class action. The Defendant seeks to bifurcate discovery into individual merits and class discovery. Plaintiff opposes these efforts. Plaintiff proposes that discovery proceed in a single phase encompassing both class and merits discovery, as the factual overlap between liability and class certification issues will make bifurcation inefficient. The parties will engage in discovery on the issues identified above, with a particular emphasis on obtaining the classwide call records and vendor information early in the discovery period, so that the data can be analyzed by Plaintiff's expert and used both for class certification and potential settlement discussions.

4. **Electronic Discovery**

The Parties agree to Judge Beetlestone's draft order on Electronic Discovery.

5. **Expert Witness Disclosures**

The Parties agree that they will simultaneously exchange expert witness reports and disclosures 60 days before the close of discovery. Responsive or counter-experts will be designated 30 days before the close of discovery. Expert discovery will close at the end of all discovery, together with the deadline for any *Daubert* motions.

6. **Expert Witness Disclosures**

The parties have engaged in settlement discussions and believe that a settlement may be possible in the near future. The Parties will consider mediation, including with a private mediator, if appropriate and in the event the current settlement negotiations fall through.

7. **Trial Date**

The Parties will be ready for trial once any dispositive motions, including Motions for Summary Judgment, and a Motion for Class Certification, are decided. The Parties propose having 30 days after the close of discovery to submit those motions, with responses due 21 days thereafter, and replies (if any) 14 days thereafter.

8. **Other**

There are no other matters at this time.

Dated: August 15, 2025

Respectfully Submitted:

/s/ Andrew Roman Perrong

Counsel for Plaintiff

/s/ Thomas C. Blatchley (PHV)

Counsel for Defendant