IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DISCOUNT POWER, INC.**<br><br>*Defendant.* | Case No.<br>   2:25-cv-2955<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## MOTION AND BRIEF IN SUPPORT OF MOTION TO STRIKE DISMISSAL AND FILE AMENDED COMPLAINT

Plaintiff Bobby Girifalco ("Plaintiff") brings this motion to strike the dismissal in this action, ECF No. 15, pursuant to Local Rule 41.1(b), and file the proposed Amended Complaint attached herein as Exhibit A. As good cause therefor, the Plaintiff avers as follows:

On August 19, 2025, the parties notified the Court that they reached a settlement of this action and expected to file a dismissal within 90 days, as contemplated by Local Rule 41.1(b). (ECF No. 14.) Thereafter, the same day, Chief Judge Beetlestone dismissed this action, pursuant to Local Rule 41.1(b).

However, as more fully pled in the Amended Complaint, the very next days after the parties reached this agreement in principle, the Plaintiff received four *additional* calls from the Defendant, this time to his landline telephone number. Such calls constitute additional knowing and willful violations of the TCPA justifying additional damages that were not within the contemplation of the parties when they agreed to settle this lawsuit as to the first set of calls. Since that time, settlement communications have broken down and it is evident that the parties

1

are unable to come to a mutually agreeable settlement, and it is Plaintiff's desire to litigate this matter. Plaintiff respectfully submits that the additional calls from the Defendant constitute a material change in circumstances that constitutes "good cause" to justify the striking of the dismissal in this action, pursuant to Local Rule 41.1(b).

By its text, a party seeking relief under Local Rule 41.1(b) bears the burden of showing "good cause" for setting aside the dismissal. *Thomas v. Univ. of Pennsylvania*, No. CIV.A. 06-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007). This Court has applied the Rule 60(b) standard in interpreting the "good cause" requirement of this Local Rule. *King v. Banner*, No. CIV. A. 07-0704, 2010 WL 3656030, at *1 (E.D. Pa. Sept. 17, 2010).

Although Plaintiff has been unable to find a case directly on point, where the defendant continues to engage in the same conduct it agreed to settle, as constituting "good cause" under either the Local Rule or the text of Rule 60(b), several cases prove instructive. In *Max Control Sys., Inc. v. Indus. Sys., Inc.*, the court held that a lack of meeting of the minds on the issue of an indemnification provision in a purported settlement provided good cause for re-opening the case, particularly as here, where the agreement in principle did not represent a complete integration of all the terms of settling the matter. No. CIV. A. 99-CV-2175, 2001 WL 1160760, at *3 (E.D. Pa. July 30, 2001). Under Pennsylvania law, a settlement agreement is a contract, and the enforceability of any contract turns on mutual asset to all essential terms, the so-called "meeting of the minds" *Mazzella v. Koken*, 559 Pa. 216, 224-23 (1999). By analogy to here, there is no meeting of the minds because of a material change in circumstances, the additional calls.

And in *Webb v. City of Philadelphia*, No. CIV A 98-2261, 2000 WL 502711, at *2 (E.D. Pa. Apr. 27, 2000), aff'd, 275 F.3d 40 (3d Cir. 2001), the premature entry of a dismissal order similarly constituted good cause to set aside the entry of dismissal. Here, the Plaintiff is also not

merely trying to change his mind about the agreement, a reason which this Court has held is insufficient to constitute good cause. *Clark v. City of Philadelphia*, No. CV 14-05930, 2016 WL 1449240, at *3 (E.D. Pa. Apr. 13, 2016).

Here, the Plaintiff seeks to strike the dismissal and is demonstrating "good cause" under at least Rule (b)(3), and (b)(6). As an initial matter, in continuing to call the Plaintiff in violation of the TCPA, and after representing that such unlawful calling would cease, the Defendant is committing the very type of "misconduct" that it is being sued for in the underlying litigation. Defendant further arguably procured the instant dismissal by a representation that it would permanently add the Plaintiff's telephone numbers to its Do Not Call list, and then continued to call the Plaintiff anyway. Second, the material change in circumstances, the additional calls and damages from them giving rise to additional statutory violations, is another reason that justifies relief under Rule 60(b)(6).

Accordingly, and for the foregoing reasons, Plaintiff seeks to strike the entry of dismissal and obtain leave of Court to file the Amended Complaint attached herein as Exhibit A, which sets forth additional claims for the additional calls the Plaintiff received.

RESPECTFULLY SUBMITTED AND DATED this 7th day of October, 2025.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

October 7, 2025

                                      */s/ Andrew Roman Perrong*
                                      Andrew Roman Perrong, Esq.
                                      Perrong Law LLC
                                      2657 Mount Carmel Avenue
                                      Glenside, Pennsylvania 19038
                                      Phone: 215-225-5529 (CALL-LAW)
                                      Facsimile: 888-329-0305
                                      a@perronglaw.com